UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-144-RJC
(3:13-cr-258-RJC-8)

| | |
|---|---|
| LANCE RICHARDSON PAGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Also pending is Petitioner's Motion to Appoint Counsel, (Doc. No. 4).

I.  **BACKGROUND**

Pro se Petitioner Lance R. Pagan was part of a conspiracy to traffic cocaine and cocaine base in Gaston County, North Carolina. (Crim. Case No. 3:13cr258-RJC-8, Doc. No. 292 at ¶ 8: PSR). A co-conspirator reported that Petitioner had purchased "8-balls" to quarter ounces of crack cocaine every other week from 2002 to 2010. (Id. at ¶ 13). A different co-defendant told law enforcement officers that he sold cocaine to Petitioner on more than three occasions, including 1.5 ounces of crack cocaine and 3 ounces of crack cocaine. (Id. at ¶ 14). This co-defendant also reported that he traveled with Petitioner twice a week, every week, from late 2012 or early 2013, until September 2013, to buy cocaine in Charlotte, North Carolina. (Id. at ¶ 15). Petitioner sometimes carried a revolver with him for protection, and two firearms were recovered during a search of Petitioner's residence. (Id. at ¶¶ 10, 14).

1

A grand jury indicted Petitioner for conspiring to distribute and to possess with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. (Id., Doc. No. 3: Indictment). The indictment alleged that the conspiracy began in 2002 and lasted until September 2013. (Id.). The Government filed an Information pursuant to 21 U.S.C. § 851, noticing Petitioner's prior North Carolina felony drug conviction. (Id., Doc. No. 30: Information). The grand jury later issued a superseding indictment that also charged Petitioner with possessing a firearm in furtherance of a drug-trafficking offense and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c), 2, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Id., Doc. No. 92: First Superseding Indictment).

Petitioner entered into a plea agreement, agreeing to plead guilty to the conspiracy charge, in exchange for the dismissal of the remaining counts against him. (Id., Doc. No. 162 at ¶¶ 1-2: Plea Agreement). The Government also agreed to dismiss the § 851 enhancement at the time of sentencing, which would reduce Petitioner's statutory sentencing range from ten years to life, to five to forty years in prison. (Id. at ¶ 4). The parties recommended to the Court that Petitioner was responsible for between 2,000 and 3,500 grams of cocaine, plus approximately 42 grams of cocaine base for a base offense level of 28;[1] that he should receive a two-level enhancement for possessing a firearm; and that he should receive a three-level reduction for acceptance of responsibility. (Id. at ¶ 7). Petitioner also agreed to waive the right to contest his conviction or sentence on direct appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 18-19).

---

[1] This agreement to a lower drug amount than that charged in the Indictment also reduced Petitioner's statutory sentencing exposure under § 841(b).

As part of the factual basis, Petitioner admitted that he engaged in a conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base from 2002 through 2013. (Id., Doc. No. 163: Factual Basis). He also admitted that on May 15 and 16 of 2013, law enforcement officers had conducted controlled buys from Petitioner using a cooperating defendant and a confidential informant; that witnesses had provided historical drug amounts relating to Petitioner of more than 2,000, but less than 3,500, grams of cocaine; and that law enforcement officers had seized a firearm from Petitioner's residence. (Id.).

At the plea hearing, Petitioner testified that he understood the nature of the charges and the applicable penalties, as well as the fact that he could not withdraw his guilty plea even if he received a sentence more severe than he expected. (Id., Doc. No. 332 at 3-5: Plea Tr.). Petitioner admitted that he was guilty of Count One. (Id. at 7). The Government summarized the terms of the plea agreement, including the appellate and post-conviction waivers. (Id. at 7-10). The magistrate judge specifically questioned Petitioner regarding the waivers, and Petitioner stated that he understood that he was waiving these rights. (Id. at 10). Petitioner also agreed that he had read and agreed with the factual basis, that other than the plea agreement no other promises had been made to induce him to plead guilty, and that he had had sufficient time to discuss any defenses with his attorney and was satisfied with his attorney's services. (Id. at 11). The magistrate judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. (Id. at 12).

The probation officer prepared a presentence report, recommending that Petitioner's offense level was 30, based on the amount of cocaine involved in the offense; that he receive a two-level increase for possessing a firearm; and that he receive a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29. (Id., Doc. No. 292 at ¶¶ 21-

3

22, 28-30). Based on convictions dating back to 1989, the probation officer found that Petitioner had 17 criminal history points, which placed him in criminal history category VI. (Id. at ¶ 59). The applicable guidelines sentencing range was 151 to 188 months of imprisonment. (Id. at ¶ 132).

Petitioner objected to the PSR, arguing that, based on the factual basis and plea agreement, his base offense level should be 26, which would reduce his total offense level to 25. (Id., Doc. No. 283 at 1-2). He argued that, because his involvement in the instant offense began in late 2012, he should not receive criminal history points for his prior convictions for possession of cocaine, two counts of communicating threats, and three counts of assault on a female because the convictions and sentences in those cases were too old to receive points under U.S.S.G. § 4A1.2(e). (Id. at 2-4).

Petitioner also asserted that he should receive only six criminal history points, which would place him in criminal history category III, and change the applicable guidelines range to 70-87 months of imprisonment. (Id. at 4). Petitioner filed a sentencing memorandum, arguing that he was a low-level participant in the conspiracy and that his dealings were to support his own drug habit. (Id., Doc. No. 307 at 3). He also contended that he had been arrested on a murder charge on October 7, 2001, and had remained in Gaston County jail until July 5, 2002, when the charge was dismissed, and that he was similarly held from September 27, 2003, until April 27, 2004, on an assault charge that was dismissed. (Id. at 3-4). He did not dispute that he sold crack cocaine in late 2012 and into 2013. (Id. at 4). Petitioner argued that a 70-month sentence was appropriate. (Id. at 5).

The Government argued that the evidence, including the statement of a cooperating defendant and the factual basis, supported finding that Petitioner's involvement in the conspiracy

began in 2002.  (Id., Doc. No. 306).  At sentencing, defense counsel again objected to the co-conspirator's statement that placed Petitioner in the conspiracy going back to 2002.  (Id., Doc. No. 333 at 5-6: Sent. Tr.).  Counsel asserted that this added eleven criminal history points to Petitioner's criminal history score and argued that the factual basis was not a stipulation to Petitioner's being a member of the conspiracy for this entire time period.  (Id. at 6-9).  This Court granted Petitioner's objection and found that his criminal history category should be III, instead of VI.  (Id. at 15-16).  Based on a post-plea amendment to the Guidelines, the Court also found that the total offense level was 25.  (Id. at 26).  This Court sentenced Petitioner to 84 months of imprisonment, which was within the revised Guidelines range of 70 to 87 months.  (Id. at 30).

On appeal, the Fourth Circuit held that Petitioner's guilty plea was knowingly and voluntarily made, that there was no reversible error in calculating the guidelines range, and that Petitioner's sentence was substantively reasonable.  United States v. Pagan, 643 F. App'x 295, 296-97 (4th Cir. 2016).  The Fourth Circuit also rejected Petitioner's assertion of prosecutorial misconduct, declined to review his claim of ineffective assistance of counsel, and determined that there were no meritorious issues for appeal.  Id. at 297.

Petitioner filed the pending motion to vacate on March 8, 2017.  Liberally construing Petitioner's allegations, he asserts five claims for relief: (1) he was not properly convicted of conspiracy; (2) he should have had the opportunity to review and comment on the changes to the indictment; (3) he should have received a two-level reduction for having a minor role in the offense; (4) he should be re-sentenced to a two-level reduction under "the new drug law"; and (5) his attorney provided ineffective assistance by not bringing to the Court's attention the fact that the co-conspirator stated that Petitioner began participating in the conspiracy at a time when

Petitioner was incarcerated for another offense and by informing Petitioner that he was facing a sentence of 25 years to life. (Doc. No. 1 at 5, 7-8, 13). The Government filed its response on June 12, 2017. (Doc. No. 3). Petitioner filed a pro se reply and his pending motion to appoint counsel on July 7, 2017. (Doc. Nos. 4, 5). Therefore, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Motion to Appoint Counsel

The Court first addresses Petitioner's motion to appoint counsel. In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). This Court finds that Petitioner has not shown that appointment of counsel is appropriate in this case. The Court, therefore, denies Petitioner's motion to appoint counsel.

**B. Petitioner's Claims One through Four (His Claims Not Raising Ineffective Assistance of Counsel)**

As noted, Petitioner has brought the following claims in his motion to vacate: (1) he was not properly convicted of conspiracy; (2) he should have had the opportunity to review and comment on the changes to the indictment; (3) he should have received a two-level reduction for having a minor role in the offense; (4) he should be re-sentenced to a two-level reduction under "the new drug law"; and (5) his attorney provided ineffective assistance by not bringing to the Court's attention the fact that the co-conspirator stated that Petitioner began participating in the conspiracy at a time when Petitioner was incarcerated for another offense and by informing Petitioner that he was facing a sentence of 25 years to life. (Doc. No. 1 at 5, 7-8, 13). The Government contends that Claims One through Four should be dismissed because Petitioner waived them as part of his plea agreement and because they are procedurally barred and lack merit. Moreover, the Government contends that Petitioner's claim of ineffective assistance of counsel should be dismissed or denied because he cannot show deficient performance or prejudice. For the following reasons, the Court will deny and dismiss the motion to vacate.

First, as to Claims One through Four, the Court agrees with the Government that Petitioner waived these claims as part of his plea agreement and they are also procedurally barred. A petitioner is generally bound by the statements made during his Rule 11 colloquy, which are strong evidence of the voluntariness of his plea. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). As the Fourth Circuit has made clear, "courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," and § 2255 claims that contradict a petitioner's plea colloquy

7

are deemed "patently frivolous or false," except in extraordinary circumstances.  United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable.  See id. at 220.  As noted, as part of his plea agreement, Petitioner waived the right to seek post-conviction relief except for claims of ineffective assistance of counsel and prosecutorial misconduct.  (Crim. Case No. 3:13cr258-RJC-8, Doc. No. 292 at ¶¶ 18-19). Petitioner does not allege that the waiver of his right to pursue post-conviction relief was involuntary, and any such allegation would be frivolous and barred by the Fourth Circuit's holding on direct appeal that his guilty plea was knowingly and voluntarily made.  See Pagan, 643 F. App'x at 296; United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (holding petitioner could not "circumvent a proper ruling" on direct appeal by pursuing the same challenge on collateral review).  Accordingly, Petitioner's challenges to his conviction and sentence in Grounds One through Four will be dismissed as barred by the waiver in his plea agreement.  Lemaster, 403 F.3d at 221-23.

The Court further finds that Petitioner's challenges in Claims One through Four are procedurally barred.  A § 2255 motion is not a substitute for a direct appeal.  See United States v. Frady, 456 U.S. 152, 165 (1982).  Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008).  "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  As the Fourth Circuit has made clear,

futility does not establish cause to excuse a procedural default.  See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension.  See Frady, 456 U.S. at 170.  To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit."  United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015).  Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent."  See Mikalajunas, 186 F.3d at 494.

Petitioner did not argue on appeal that he should not have been convicted of conspiracy, that he should have been allowed to comment on the alleged changes to the indictment, or that his offense level should have been reduced based on his playing a minor or role in the offense and pursuant to a "new drug law."[2]  In Petitioner's motion to vacate, he has not alleged that he can establish cause and prejudice for this procedural default, or that he is actually innocent of conspiring to traffic cocaine.  Because Petitioner has procedurally defaulted these claims, and he has not shown that he can overcome this procedural default, these claims will be dismissed.  See Bousley, 523 U.S. at 621-22.

Finally, even if Petitioner could overcome the waiver and procedural bar as to Claims One through Four, these claims are subject to dismissal on the merits.  First, Petitioner's

---

[2] As the Government notes, it is not clear from the Fourth Circuit's decision what Guidelines issue Petitioner raised on appeal.  Even if Petitioner raised this claim as part of his challenge to the Guidelines on appeal, however, he would be barred from re-litigating it on collateral review. See Linder, 552 F.3d at 397.

challenge to his conviction appears to be based on his misunderstanding of the law relating to indictments and the timeline of his offense. Petitioner asserts that he was indicted for participating in a conspiracy from 2001[3] to 2013. (Doc. No. 1 at 4). He contends that the only co-conspirator who tied him to the conspiracy stated that he was involved from 2001 to 2010, and since the Court found that Petitioner was only involved in the conspiracy from 2012 to 2013, this took him out of the conspiracy. (Id.). The factual basis showed, however, that Petitioner had sold cocaine to a cooperating defendant and a confidential informant on May 12 and 13, 2013, and information from a co-defendant also showed Petitioner's involvement in buying cocaine from 2012 to 2013. (Crim. Case No. 3:13cr258-RJC-8, Doc. No. 292 at ¶¶ 9, 14: PSR). Finally, Petitioner admitted to his participation in the conspiracy as part of the factual basis and by pleading guilty to the offense. Therefore, any assertion that he was improperly convicted also is without merit.

Petitioner also asserts that he should have been allowed to comment on the "change" to the Indictment. However, the Indictment was not amended as a result of the Court's findings at sentencing. The Court limited the timeframe of Petitioner's conduct within the period charged in the Indictment, and the dates of a conspiracy are not an element of the offense. See United States v. Queen, 132 F.3d 991, 999 (4th Cir. 1997) (holding the starting date of a conspiracy need not coincide with that alleged in the indictment); United States v. Kilgore, 401 F. App'x 842, 844 (4th Cir. 2010) (recognizing that the beginning and ending dates of a conspiracy are not elements of the offense). The Court's finding as to the timeframe of Petitioner's conduct was made as a result of his attorney's request and only served to benefit him. Accordingly, this claim of alleged error is without merit.

---

[3] In fact, the Indictment charged that the conspiracy began in 2002.

Finally, Petitioner's attempt to challenge the Guidelines calculation is not cognizable on collateral review. See Mikalajunas, 186 F.3d at 496; see also United States v. Foote, 784 F.3d 931, 932, 934 (4th Cir. 2015). Moreover, he has offered no evidence that he played a minor role in the offense, and the record shows that his offense level was lowered two levels based on Amendment 782 to the Guidelines. See (Crim. Case No. 3:13cr258-RJC-8, Doc. No. 333 at 26: Sent. Tr.). Accordingly, Petitioner's challenges to his conviction and sentence will be dismissed as procedurally barred and because they lack merit.

### C. Petitioner's Claim Raising Ineffective Assistance of Counsel

Petitioner also brings a claim for ineffective assistance of counsel. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

In support of his claim, Petitioner asserts that his attorney provided ineffective assistance because she did not tell the Court that Petitioner was incarcerated at the time a co-conspirator stated that he had become involved in the conspiracy, and because she told Petitioner that he was facing a sentence of 25 years to life imprisonment before he pleaded guilty. (Doc. No. 1 at 5). Petitioner has shown neither deficient performance nor prejudice. Here, Petitioner's counsel argued that Petitioner could not have been involved in the conspiracy in 2002 because he was incarcerated at that time. See (Crim. Case No. 3:13cr258-RJC-8, Doc. No. 307 at 4). This argument helped obtain the reduction in Petitioner's criminal history category from VI to III. Additionally, Petitioner originally faced a charge under 21 U.S.C. § 841(b)(1)(A), which, due to the prior felony drug conviction identified in the § 851 notice of enhancement, carried a statutory penalty of 20 years to life. He also faced a charge under 18 U.S.C. § 924(c) that carried a mandatory consecutive term of five years of imprisonment. Finally, Petitioner also faced up to ten years in prison for the 18 U.S.C. § 922(g)(1) charge. Accordingly, there is simply no basis

for his assertion that counsel erred in advising him that he faced a sentence of 25 years to life. Thus, he cannot show deficient performance where counsel made the argument that he asserts she should have, and she correctly advised him regarding the penalties he faced.

Petitioner also cannot show prejudice. He does not assert that, but for counsel's performance, he would have proceeded to trial. Nor would such a decision have been objectively reasonable. See Fugit, 703 F.3d at 260. Through counsel's negotiation of a plea agreement and arguments at sentencing, Petitioner's sentence was reduced from a minimum of 25 years and a maximum of life, to the 84-month sentence that he received. In sum, because Petitioner cannot establish deficient performance or prejudice, his claim of ineffective assistance of counsel is dismissed. See Strickland, 466 U.S. at 687-88, 694.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Appoint Counsel, (Doc. No. 4), is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 1, 2017

Robert J. Conrad, Jr.
United States District Judge