IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00258-RJC
3:17-CV-00144-RJC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LANCE RICHARDSON PAGAN ) | |
| ) | |

**THIS MATTER** comes before the Court upon the defendant's pro se motion for all documents in his criminal case and for appointment of counsel in his civil case. (Case No. 3:13-cr-258, Doc. No. 366; Case No. 3:17-cv-144, Doc. No. 6).[1]

The Court previously granted the defendant's request for copies of the indictment and superseding indictment based on a showing that the documents were relevant to an issue raised in his Motion to Vacate pursuant to 28 U.S.C. § 2255. (Case No. 3:13-cr-258, Doc. No. 365: Order). Now the defendant requests copies all documents in his criminal to peruse while he waits on the outcome in his civil case to see if they "might assist him to show a possible ineffective assistance of counsel claim. (Case No. 3:13-cr-258, Doc. No. 366 at 1; Case No. 3:17-cv-144, Doc. No. 6 at 1). A prisoner is not entitled to free copies of documents without a showing of need, merely to comb the record in hopes of discovering some flaw. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). Therefore, the request for additional documents will be denied.

There is no constitutional right to counsel in proceedings under § 2255, Crowe v. United

---

[1] The same motion was filed in each case.

States, 175 F.2d 799 (4th Cir. 1949), and it appears from the record that the defendant has adequately raised issues on his own in the past. Thus, the request for appointment of counsel in the § 2255 matter will be denied.

**IT IS, THEREFORE, ORDERED** that defendant's motion for documents and appointment of counsel, (Case No. 3:13-cr-258, Doc. No. 366; Case No. 3:17-cv-144, Doc. No. 6), is **DENIED**.

Signed: September 5, 2017

Robert J. Conrad, Jr.
United States District Judge